No. 6195.

### B. T. BEAUREGARD vs. PARISH OF EAST BATON ROUGE.

In making out the descriptive list for the board of assessors, plaintiff, tax collector, was merely performing a duty pertaining to his office, for which the State had provided suitable compensation. Indeed, it prohibited him from receiving more than two thousand dollars, and required him to be paid by the State Treasurer on the warrant of the Auditor of Public Accounts.

That part of the ordinance of the police jury allowing remuneration for a service which was a duty imposed by law on the tax collector must be regarded as a mere gratuity, and it can not be the basis of a valid demand against the parish. A police jury has no authority to bestow a liberality on any one.

Plaintiff, however, is entitled to reasonable compensation for making out the parish tax-rolls, but he has failed to prove the value of this service.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *Dewing*, J. *James O. Fuqua, Andrew S. Herron, R. S. Posey*, for plaintiff and appellee. *G. A. Griffith, J. W. & G. W. Burgess*, for defendant and appellant.

WYLY, J. Plaintiff, the tax collector of the parish of East Baton Rouge, sues said parish for $3954 05 for listing the taxable property in said parish and making out the rolls for the years 1873 and 1874, being five per cent upon the taxes assessed during said years. The action is based on the following ordinance adopted by the police jury on the tenth June, 1871: "That the tax collector shall list all taxable property for assessment, and shall by the first day of August of each year furnish to the parish board of assessors a descriptive list of taxable property in the parish. He shall procure at the expense of the parish all necessary blanks for this purpose, and he shall be required to make a roll, to be

Beauregard vs. Parish of East Baton Rouge.

known as the parish roll, on which the name of all taxpayers who have property shall appear, and opposite to each name a description of his property, of land, its boundaries and number of acres, and on which shall appear the amount of the valuation of each taxpayer's property, and the amount of taxes he owes to the parish, said blank roll to be furnished by the parish. The tax collector shall receive the same commission for listing of property, collecting taxes and licenses, as is now provided by law for such services, and when no provision is or has been made for such services, then in that case he shall receive the same commissions that are allowed to him for like services by the State, and said commissions payable out of any money in the treasury on his own warrant."

By act No. 42 of the acts of 1871, which was in force when the foregoing ordinance was passed, it was made the duty of the tax collectors in the respective parishes to make out and complete a descriptive list of all taxable property within such parishes, and to make oath to the correctness thereof and deliver the same to the board of assessors on or before the first day of August of each year. And by section No. 49 it is provided:

"That the tax collectors, outside of the city of New Orleans, shall receive annually as compensation for taking a description of taxable property five per centum on the amount of taxes assessed or levied on such property. * * * Provided, that no tax collector, outside of the city of New Orleans, shall receive less than three hundred dollars nor more than two thousand dollars for performing the duties imposed on him by this section."

We think the plaintiff can not recover from the parish five per cent on the amount of taxes assessed for making out a list of taxable property for the board of assessors for 1873 and 1874, because by law in force when the ordinance of the police jury was adopted this service was a part of his duty as tax collector, and for which adequate compensation was fixed. In making out the descriptive list for the board of assessors, plaintiff, the tax collector, was merely performing a duty pertaining to his office for which the State had provided suitable compensation; indeed, it prohibited him from receiving more than two thousand dollars, and required him to be paid by the State Treasurer on the warrant of the Auditor of Public Accounts.

That part of the ordinance of the police jury allowing remuneration for this service, a duty imposed by law on the tax collector, we regard as a mere gratuity; and it can not be the basis of a valid demand against the parish. A police jury has no authority to bestow a liberality on any one. It can not bind the parish by adopting an ordinance agreeing to pay any sum to a tax collector for the performance of a duty imposed

on him by the State, and for which adequate compensation has been provided by law.

Plaintiff, however, is entitled to reasonable compensation for making out the parish tax-rolls; but he fails to prove the value of this service.

It is therefore ordered that the judgment herein in favor of plaintiff for $3954 05 be annulled, and that the demand for listing the taxable property for 1873 and 1874 be rejected and the demand for making out the parish rolls be dismissed as of nonsuit.

It is further ordered that plaintiff pay costs of both courts.